JUDGE HERB ROSS (Recalled)

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA

605 West 4th Avenue, Room 138, Anchorage, AK 99501-2296 - (Website: www.akb.uscourts.gov)
Clerk's Office 907-271-2655 (1-800-859-8059 In-State) - Judge's Fax 907-271-2692

> **Filed On**
> **4/17/06**

In re

DANIEL RAYMOND SHAFFER, dba the
Natural Source, dba Channel Lending Co.,
dba Alaska Yurts, dba Earth Rhythms, dba
B-Natural,

Debtor(s)

In Chapter A05-00758-HAR
Case No.  7

**MEMORANDUM REGARDING DENIAL
OF DEBTORS' MOTION FOR CONTEMPT,
INJUNCTION AND FOR DAMAGES**

1.  <u>INTRODUCTION</u>- Debtor moved to hold several plaintiffs in a federal suit in the Western District of Washington and their attorney in contempt for violating the automatic stay,[1] and for damages and an injunction for continuing to pursue defendant Channel Lending Co. and debtor's girl friend, Larraine Wade, in the federal suit after debtor filed his chapter 7 bankruptcy.[2]

Since debtor was a partner in a Washington entity known as "Channel Lending Co." when dealing with the plaintiffs, they were not automatically stayed from seeking a recovery against the partnership entity or partners other than the debtor.

Even if an injunction were warranted, it must be brought by  an adversary proceeding. The motion will be denied.

---

[1] 11 USC § 362(a).

[2] Dockets 25-28.

1      2. <u>BACKGROUND</u>-  Before filing bankruptcy in July 2005, debtor was sued in the federal

2    district court in Seattle by Cornejo and Avalos.[3]  The lead defendant was Channel Lending Co.,

3    followed by Daniel Shaffer and others.  The complaint was not specific about what type of entity

4    Channel Lending was.

5        The gravamen of complaint was violations of the Fair Housing Act, the Equal Credit

6    Opportunity Act, the Truth in Lending Act, the Washington Mortgage Brokers Act, the

7    Washington Consumer Protection Act, as well as breach of contract, unjust enrichment, breach of

8    fiduciary duty, tortuous interference with a contractual relationship, and unconscionability.

9        Plaintiffs were El Salvadorian immigrants who relied on Channel Lending and/or Shaffer

10   as mortgage broker in 2002 for the purchase of a home, a deal that went very sour.

11       Debtor, Channel, and the plaintiff agreed to a mediated settlement.  Channel Lending was

12   to pay $29,000 to plaintiffs (to be represented by a promissory note), and assign them a promissory

13   note owed to Shaffer by Miriam Lozano, debtor's ex-wife.

14       Before the settlement was performed by Shaffer and Channel, debtor filed this bankruptcy

15   in Alaska, on June 17, 2005.  The plaintiffs, through their attorney, Ari Brown, moved in July

16   2005, in federal court to enforce the settlement.[4]  Grant Stewart wrote Brown in August 2005,

17   advising him of the bankruptcy and the automatic stay.  Stewart contended that Channel Lending

18   Co. was a sole proprietorship, covered by the automatic stay.  He demanded that a hearing on the

19   enforcement motion scheduled in August 2005, be canceled.

20       Ari Brown responded in a letter, stating that immediately after receiving notice of the

21   Shaffer bankruptcy the motion to enforce the settlement agreement in federal court was amended

22   to enforce against Channel Lending Co., the partnership, but not Shaffer, the debtor.  He noted

23   _____

24       [3] *See*, Complaint in US District Court for the Western District of Washington on October 21, 2003.
     Docket 25, Exhibit 1 [ECF Part 1].

25

26       [4] Docket 28, Exhibit 4 [ECF Part 5].

27   MEMORANDUM REGARDING DENIAL
     OF DEBTORS' MOTION FOR CONTEMPT,
28   INJUNCTION AND FOR DAMAGES                                         Page 2 of 5

that Channel Lending Co. had been registered in both Alaska and Washington as a partnership with various state agencies.[5]  The enforcement proceedings were continued only against Channel Lending (the partnership) *and* Larraine Wade, as a purported partner.[6]  The district judge ruled that the settlement could be enforced against Channel Lending, the partnership, and on reconsideration ruled that the assets of Channel Lending (the partnership) were not protected by the automatic stay in debtor's individual bankruptcy.[7]

Debtor's schedule of personal property in this chapter 7 case does not specifically list any Channel Lending assets by name, except a $14.75 checking account, although there are some moneys owed from an ex-wife for embezzlement and legal fees (total about $40,000) and from a Raymond Olivas for indemnity for legal fees that might relate to Channel Lending.[8]  A promissory note scheduled at about $80,000 owed to Shaffer by Miriam Lozano, the ex-wife/embezzler, has been assigned to Cornejo and Avalos in partial settlement of the trustee's objection to their Proof of Claim No. 9.[9]

The debtor has made no credible argument that Cornejo, Avalos, or Brown have made any claims or sought to enforce their judgment against any of these assets listed on Schedule B.  The debtor has offered no evidence how any property of Channel Lending (the partnership) became his as a sole proprietorship, other than he purportedly ceased doing business as a partnership, and

---

[5] Docket 45-46, Response to Motion and Declaration of Ari Brown. *See*, letter at Exhibit F, Docket 46, and copies of various licenses and applications in Washington and Alaska listing Channel Lending Co. as a partnership, with Larraine Wade and Daniel Shaffer as partners. *See*, Exhibits A-F, Docket 46 (including: Alaska Business License from December 27, 2001-December 31, 2003, Exhibit B; Washington Mortgage Broker Branch License issued September 29, 2003, and still in effect on August 11, 2005, Exhibit C; Surety Bond for mortgage broker dated March 2, 1999, naming Wade and Shaffer as partners, Exhibit E.

[6] Docket 28, Exhibit 17 [ECF Part 7].

[7] Docket 27, Exhibit 8 (order) and Exhibit 10 (order denying reconsideration) [ECF Parts 2 and 3].

[8] *See*, Schedule B - Personal Property.  Docket 11.

[9] Docket 58.

MEMORANDUM REGARDING DENIAL
OF DEBTORS' MOTION FOR CONTEMPT,
INJUNCTION AND FOR DAMAGES                                        Page 3 of 5

became a sole proprietorship sometime in 2002[10] (despite the evidence he and Larraine held themselves out as partners in 2003 and afterwards). The biggest concern of debtor may be the attack they are making on his girl friend, Larraine Wade. Wade claims to have cancelled her partnership in Channel Lending on May 8, 2002.[11]

Debtor moves in the bankruptcy court to enjoin continued prosecution of the federal claim against Channel Lending (and Wade, presumably), punitive damages of $25,000 and attorney fees of $25,000, plus $6,000 for lost time, $1,200 for a Washington attorney, and $2,500 for bankruptcy costs (apparently, requesting a total of $59,700).[12] The parties never requested a hearing on the motion, although they indicated that would request a date in March.[13]

3. ANALYSIS- An injunction must be sought by a adversary proceeding.[14] The request for an injunction will be denied because it is being sought by motion in a contested proceeding.[15]

While the plaintiffs and their attorney might violate the automatic stay[16] (or, discharge injunction[17]) if they were foolish enough to proceed against the debtor, or the property of the estate, which includes any property of Channel Lending Co. (*the sole proprietorship*, which are

---

[10] *See*, Affidavit of Daniel Raymond Shaffer, Docket 25 [ECF Part 2] ("That I have thus always treated Channel Lending as my dba, even though on some registrations with Alaska and Washington, it continued to be listed as a partnership, and it was my understanding that I did not need to change the records if the ownership interest of the former partner was less than 10%.").

[11] Docket 26, Exhibit 5 [ECF Part 4].

[12] Docket 25.

[13] *See*, Proceeding Memorandum on 02/28/06. Docket 57.

[14] FRBP 7001(7).

[15] FRBP 9014.

[16] 11 USC § 362(a).

[17] 11 USC § 524(a).

MEMORANDUM REGARDING DENIAL
OF DEBTORS' MOTION FOR CONTEMPT,
INJUNCTION AND FOR DAMAGES                                          Page 4 of 5

1  presumably assets of the bankruptcy estate), there is no indication they have done this or intend

2  to.  They are, however, entitled to proceed against Channel Lending Co. (*the partnership*).

3          Whether or not they or the district judge are wrong that a partnership existed or exists

4  (and, there appears to be ample inferences that they are not wrong), it is no violation of the

5  automatic stay to pursue the assets of that real or former entity.[18]

6          Even if they are mistaken about the existence of the partnership, and therefore wrongly

7  pursuing Larraine Wade, she is not protected by the automatic stay.  She must defend herself in

8  the non-bankruptcy court where she is being pursued.[19]

9          Should the plaintiffs actually wish to move against any of the assets listed on the schedules

10  – challenging debtor's contention that they are sole proprietorship property – they would be well

11  advised to move for relief from stay to avoid any stay violation.  In that case, since the case is still

12  open, the trustee, not the debtor, would be the party whose interest would be effected.

13          4. <u>CONCLUSION</u>-  A separate order denying the motion for an injunction, sanctions and

14  to hold Cornejo, Avalos, and Brown in contempt will be entered.

15          DATED:  April 17, 2006

16

17                                          _____/s/ Herb Ross_____
                                                    HERB ROSS
18                                              U.S. Bankruptcy Judge

<u>Serve</u>:
19  Grant Stewart, Esq., for Debtor
    Debtor
20  Ari Y. Brown, Esq., for himself and Conrejo and Avalos
    US Trustee
21  Michelle Boutin, Esq., for the Trustee
    William Barstow, Trustee                                                    D5845
22
          04/17/06
23

24 _____

25          [18] <u>In re Venture Properties, Inc.</u>, 37 BR 175, 177 (Bankr NH 1984); <u>Matter of Minton Group, Inc.</u>, 46 BR 222, 225 (Bankr SDNY 1985).

26          [19] <u>Grimmett v Brown</u>, 75 F3d 506, 516-17 (9th Cir 1996); <u>In re Chugach Forest Products, Inc.</u>. 23 F3d 241, 246-47 (9th Cir 1994).

27  MEMORANDUM REGARDING DENIAL
    OF DEBTORS' MOTION FOR CONTEMPT,
28  INJUNCTION AND FOR DAMAGES                                              Page 5 of 5